**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7761**

---

KEVIN L. GLASS,

                                    Petitioner - Appellant,

        versus

DIRECTOR, DEPARTMENT OF CORRECTIONS,

                                    Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, District
Judge.   (CA-05-460-REP)

---

Submitted:  May 10, 2006              Decided:  May 25, 2006

---

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Kevin L. Glass, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kevin L. Glass seeks to appeal the district court's order dismissing his petition as an unauthorized successive 28 U.S.C. § 2254 (2000) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Jones v. Braxton, 392 F.3d 683 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Glass has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Additionally, we construe Glass's notice of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims

based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Glass's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>